**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARIA RICKER,

    Plaintiff,

v.                                                                          CASE NO.: 3:09-cv-620-J-32TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

**ORDER**

      This case is before the Court on Plaintiff's counsel's Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b). (Doc. 18). Plaintiff's counsel (Petitioner), obtained a sentence six remand/reversal of denial of benefits for her client in this social security appeal, (see Doc. 11, Order reversing and remanding case to Commissioner). Upon remand, the Commissioner issued a decision favorable to Plaintiff and found she was entitled to past due benefits of $115,712.00. Doc. 18, Ex. C. Pursuant to 42 U.S.C. § 406(b), the Commissioner set aside in escrow 25% of Plaintiff's past due award ($28,928.00) for possible payment of attorney's fees. Id. Petitioner has filed a fee petition under § 406(a) for $10,000 for her administrative work. Here, Petitioner requests a § 406(b) attorney fee of $5,000.00. The sum total of these fees do not exceed 25% of Plaintiff's past due award. The Commissioner has filed a response to Petitioner's motion stating that the he is unopposed to the sought amount (Doc. 19).

      Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for her client

upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 806 (2002) (citations omitted). "Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. The Court's § 406(b) reasonableness analysis is not meant to supplant the continency-fee arrangement, which the Supreme Court recognized as the most common fee arrangement in social security cases. Id. at 800. In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee. Id. at 808. Other key considerations include the character of the representation and the results the representation achieved. Id. For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee. Id.

The Court has considered the parties' fee agreement, the character and quality of Plaintiff's counsel representation, and the result achieved for Plaintiff and finds that the fee requested is "reasonable for the service rendered." Gisbrecht, 535 U.S. at 807.

Ordinarily, to prevent "double-dipping" the Court would direct Petitioner to either refund the EAJA award to Plaintiff upon receipt of the 406(b) award, or alternatively, the Court would deduct that sum from Petitioner's recovery. However, in this instance such action would be inappropriate as Petitioner has not, and states she will not, ask for EAJA

fees.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's counsel's Petition for Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 18) is **GRANTED**. The Court finds that a reasonable attorney's fee for Plaintiff's counsel, Chantal J. Harrington, for representation of Plaintiff in this case is **$ 5,000.00**. **The Commissioner shall now pay Chantal J. Harrington the sum of $ 5,000.00 from the past-due benefits being held in escrow in this case.** The Commissioner shall refund the remainder of the escrowed past-due benefits to Plaintiff. The Clerk shall enter Judgment accordingly and close the file.

**DONE and ORDERED** at Jacksonville, Florida, this 24th day of April, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

kh.
Copies to:

Chantal J. Harrington, Esq.
John F. Rudy III, Esq. (AUSA-Tampa)